# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMAINE TOUSSAINT BOLLING,

    Plaintiff,

v.                                            Case No. 10-C-678

MARY LYNN MURPHY and KARL HELD,

    Defendants.

## ORDER

The plaintiff, who is incarcerated at Sturtevant Transitional Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid his initial partial filing fee.

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim

as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here Plaintiff alleges that he was falsely imprisoned by the defendants. He claims he was supposed to be released from the Red Granite Correctional Facility on March 9, 2010. According to Plaintiff, his parole officer, Defendant Mary Lynn Murphy, had him driven from Red Granite "straight to the county jail" where Plaintiff was held for another seven days until March 16, 2010. Plaintiff complains that this additional confinement violated his Fourteenth Amendment rights and caused him emotional distress and mental suffering. As relief Plaintiff seeks $250,000 in damages. The complaint does not specify why Plaintiff was confined in the county jail, only that Plaintiff was told he "violated a rule" while he was in prison. Here, Plaintiff's § 1983 complaint of false imprisonment and unlawful extended confinement does raise his right to relief above a speculative level. The Court finds that the plaintiff may proceed on the following claim: whether Plaintiff was falsely imprisoned in the county jail in violation of his Constitutional rights.

**ORDER**

**IT IS THEREFORE ORDERED** Pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin, this   1st   day of November, 2010.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge